UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ARCHIE BRISTOL,

       *Plaintiff*,

  -*vs*-

DON SAWYER, HAL E. SMITH, JOHN WILSON,
CHARLES HERRMANN, STEVEN MONTROSE,
PHILLIP YORKE, CAROL GOODMAN, M.
GOODMAN, BRUCE MCMORAN, THOMAS POOLE,
JOSEPH BELLNEIR, DANA G. AIDALA, WILLIAM R.
LAPE, L.W. WEINGARTNER, CONRAY, WELSH,
PACE, and FARAGO,

       *Defendants*.

Civ. No. 03-CV-6361P

# REPLY MEMORANDUM OF LAW IN SUPPORT
# OF MOTION FOR LEAVE TO AMEND COMPLAINT

**HISCOCK & BARCLAY, LLP**
Attorneys for Plaintiff
2000 HSBC Plaza
100 Chestnut Street
Rochester, New York 14604-2404
Telephone: (585) 325-7570
Facsimile: (585) 325-5458

Paul A. Sanders, Esq.
  o*f Counsel*

Plaintiff, Archie Bristol ("Plaintiff"), submits this reply memorandum of law in support of his motion for leave to amend its complaint in this action.

Plaintiff seeks to (i) discontinue the action against fifteen of the nineteen defendants; (ii) add Central New York Psychiatric Center and Five Points Correctional Facility as parties; (iii) add a cause of action under the Americans with Disability Act (42 U.S.C.S. §12131); and (iv) revise the language of the Complaint.

## ARGUMENT

### PLAINTIFF'S CAUSE OF ACTION AGAINST CENTRAL NEW YORK PSYCHIATRIC CENTER AND FIVE POINTS CORRECTIONAL FACILITY FOR VIOLATION OF THE AMERICANS WITH DISABILITY ACT IS TIMELY

Plaintiff's proposed third cause of action asserts a claim against defendants Central New York Psychiatric Center and Five Points Correctional Facility for violating the Americans with Disability Act ("ADA") by denying him the benefits of services, programs and activities between January 2003 and June 2005. Defendants principal contention with the amended complaint is that the third cause of action is time-barred.

Plaintiff does not dispute that the statute of limitations for an ADA Title II claim is three years or that, generally, a plaintiff's claim begins to accrue when the plaintiff knows or has reason to know of the injury. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002), *cert denied* 538 U.S. 922 (2003); *Singleton v. New York*, 632 F.2d 185, 191 (2d Cir. 1980), *cert denied* 450 U.S. 920 (1981). However, where the "plaintiff experiences a continuous practice and policy of discrimination, the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." *Cornwell v. Robinson*, 23 F.3d 694, 703 (2d Cir. 1994) (internal quotations omitted); *see Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999).

In this case, plaintiff's amended complaint alleges that he was excluded from participation and denied the benefits of services, programs, or activities by reason of his disability between January 2003 and June 2005. Although some of the allegations took place more than three years ago, the conditions giving rise to plaintiff's claim continued throughout 2003, 2004 and a portion of 2005, all of which would have accrued within the past three years. Moreover, the instances of discrimination have not been isolated occurrences, but have constituted a continual pattern and policy of discrimination towards plaintiff due to his disability. Accordingly, plaintiff's cause of action against Central New York Psychiatric Center and Five Points Correctional Facility arising out of a violation of the ADA is timely.

Based on the foregoing, it is respectfully submitted that plaintiff's motion for leave to amend the complaint should be granted.

## CONCLUSION

Based on the foregoing, Plaintiff's motion, pursuant to Fed.R.Civ.P. 15(a), for leave to amend his complaint should be granted in its entirety.

**DATED:**      December 21, 2006

Respectfully submitted,

**HISCOCK & BARCLAY, LLP**


By:      /s/ Paul A. Sanders
             Paul A. Sanders

*Attorneys for Plaintiff*
Archie Bristol
Office and Post Office Address
2000 HSBC Plaza
100 Chestnut Street
Rochester, New York 14604-2404
psanders@hiscockbarclay.com