UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ARCHIE BRISTOL (99-A-2496),

                    Plaintiff,          **STIPULATION AND**
                                               **ORDER OF SETTLEMENT**

   -vs-

CENTRAL NEW YORK PSYCHIATRIC          **03-CV-6361**
CENTER and FIVE POINTS
CORRECTIONAL FACILITY,

                    Defendants.

---

        WHEREAS, plaintiff, Archie Bristol (99-A-2496), commenced the above Action alleging that defendants violated his constitutional, statutory, administrative and/or civil rights during plaintiff's incarceration in the New York State Correctional Services system and treatment with the New York State Office of Mental Health;

        WHEREAS, the parties are interested in resolving all the remaining issues alleged in the complaint in this action and subsequent amended complaints in this action, and have negotiated in good faith for that purpose;

        WHEREAS, none of the parties to the above-captioned action is an infant or incompetent person; and

        WHEREAS, the parties to the above-captioned action are desirous of discontinuing the litigation;

        IT IS HEREBY STIPULATED AND AGREED by and between the parties and/or their respective counsel as follows:

1

1. The parties hereby agree that the hereinabove captioned action is dismissed and discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

2. Any and all of the claims for damages by plaintiff, which are the subject of this litigation or otherwise arise out of any of the incidents alleged in the complaint, amended complaint and second amended complaint and any claims or causes of action, including but not limited to any state, federal or administrative claims or causes of action, that could have been asserted by plaintiff against defendants, including but not limited to, Don Sawyer, Hal E. Smith, Phillip Yorke and William Goodman and any of its current or former employees, officers or representatives arising out of any of the incidents alleged in the Complaint are hereby settled for the sum of Nine Thousand, Eight Hundred dollars ($9,800.00) in full satisfaction of all claims for damages, costs, disbursements, legal and attorneys fees in this court and in any other court or administrative agency.

3. A check in payment of the sum recited in paragraph #2 herein above shall be drawn to the order of the plaintiff and mailed to him at the facility where he is currently confined, for deposit in his inmate facility/departmental account.

4. In consideration of the payment of the sum recited in paragraph #2 hereinabove the plaintiff, Archie Bristol (99-A-2496), hereby releases the defendants, including but not limited to, Don Sawyer, Hal E. Smith, Phillip Yorke and William Goodman and any and all current or former employees, officers and/or representatives of the New York State Department of Correctional Services and New York State Office of Mental Health, in his/her/their individual and official capacities, and his/her/their heirs,

executors, administrators and assigns, and the State of New York and the New York State Department of Correctional Services and the New York State Office of Mental Health, from any and all claims, including but not limited to state, federal or administrative claims, liabilities and causes of action arising out of the circumstances set forth in the complaint, amended complaint and second amended complaint in the above-captioned action.

5. Nothing in this So Ordered Stipulation of Settlement shall be constructed as an admission or concession of liability whatsoever by the defendants or the State of New York, the New York State Department of Correctional Services, or the New York State Office of Mental Health regarding any of the allegations made by the plaintiff in his complaint and subsequent amended complaints herein including but not limited to claims that the plaintiff's rights under the Federal or New York State Constitutions or Statutes had been violated and all other claims set forth in the complaint and subsequent amended complaints.

6. Payment of the amount recited in paragraph #2 hereinabove is subject to the approval of all appropriate New York State officials in accordance with the provisions for indemnification under New York Public Officers Law Section 17.

7. Payment of the amounts recited in paragraph #2 hereinabove will be made within one hundred twenty (120) days after the approval of this stipulation by the Court and receipt by defendant's counsel of a copy of the fully executed so-ordered stipulation of settlement as entered by the Court. In the event that the aforesaid payment is not made within the one hundred twenty (120) day period, interest shall accrue on the outstanding principal balance at the rate set forth in 28 U.S.C. § 1961

beginning on the one hundred twenty-first (121) day after receipt by defendants' counsel of a copy of the fully executed so-ordered stipulation of settlement.

8.  This Stipulation and Order of Settlement shall have no precedential value or effect whatsoever and shall not be admissible in any other action, proceeding and/or administrative forum as evidence or for any other purpose except in an action or proceeding to enforce this Ordered Stipulation of Settlement.

9.  Nothing contained herein constitutes an admission of liability for any cause of action or fact alleged by Plaintiff in the underlying action hereto, by the State of New York, its executive agencies or the Defendants.

10. Nothing contained herein constitutes a waiver by the State of New York, its executive agencies or the Defendants of any rights held pursuant to federal and state law or by contract in any other proceedings not subject to this Settlement Order.

11. The plaintiff hereby amends the caption of the Second Amended Complaint (docket # 83) to remove the names of individual defendants Don Sawyer, Hal E. Smith, Phillip Yorke and William Goodman and stipulates to discontinue this litigation with prejudice as against any known or unknown New York State employee.

12. This Stipulation and Order of Settlement embodies the entire agreement of the parties in this manner.

Dated: July 12, 2011   *Archie Bristol*
　　　　　　　　　　　　　ARCHIE BRISTOL (99-A-2496)

STATE OF New York )
　　　　　　　　　　 ) ss.:
COUNTY OF Oneida )

On the 12th day of July, 2011, _____, before me personally came Archie Bristol (99-A-2496), to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me the execution thereof.

_____
Notary Public

T. CATHERINE LEONARD-SMITH
Notary Public, State of New York
No. 01LE6130197
Registered in Oneida County
Commission Expires July 11, 20___

Dated: July 19, 2011   PAUL A. SANDERS, ESQ.
　　　　　　　　　　　　 *Attorney for Plaintiff*

　　　　　　　　　　　　 _____
　　　　　　　　　　　　 Paul A. Sanders
　　　　　　　　　　　　 Hiscock & Barclay LLP
　　　　　　　　　　　　 2000 HSBC Plaza
　　　　　　　　　　　　 100 Chestnut Street
　　　　　　　　　　　　 Rochester, NY 14604
　　　　　　　　　　　　 Telephone: (585) 295-4426

Dated: August 3, 2011   ERIC T. SCHNEIDERMAN
　　　　　　　　　　　　 Attorney General of the State of New York
　　　　　　　　　　　　 *Attorney for State Defendants*

　　　　　　　　　　　　 _____
　　　　　　　　　　　　 J. Richard Benitez
　　　　　　　　　　　　 Assistant Attorney General, Of Counsel

　　　　　　　　　　　　 NYS Office of the Attorney General
　　　　　　　　　　　　 144 Exchange Boulevard, Suite 200
　　　　　　　　　　　　 Rochester, New York 14614
　　　　　　　　　　　　 Telephone: (585) 546-7430
　　　　　　　　　　　　 Richard.benitez@ag.ny.gov

5

**APPROVED AS TO FORM ONLY.**

IT IS SO ORDERED,
Dated: ~~July~~ AUG. 4, 2011

ENTER:

_____
CHARLES J. SIRAGUSA
United States District Judge